# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 8, 2022
Lyle W. Cayce
Clerk

No. 21-51200

United States of America,

*Plaintiff—Appellee*,

*versus*

Derrick Deshon Collins,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-144-1

Before King, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:*

Derrick Deshon Collins appeals the district court's judgment imposing a within-guidelines 188-month sentence following his guilty plea convictions. Because the district court did not abuse its discretion in imposing Collins's sentence, we AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-51200

## I. FACTUAL & PROCEDURAL BACKGROUND

In July 2021, Collins pled guilty, without a plea agreement, to possession of cocaine base or "crack" with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). According to the presentence investigation report (PSR), Collins's total offense level was 29 based on a base offense level of 32 and three-level reduction for acceptance of responsibility. Collins had eight scored convictions and committed the instant offense while under a criminal justice sentence for a Texas offense. Consequently, he received a criminal history score of 20 and a criminal history category of VI. At least 14 of Collins's convictions did not receive criminal history points. These calculations yielded a guidelines range of 151 to 188 months in prison for the drug conviction and a mandatory minimum sentence of 60 months in prison on the gun conviction.

The Government filed a sentencing memorandum informing the district court that the EQUAL Act of 2021 (the Act),[1] which would eliminate the sentencing disparity between powder-cocaine and crack-cocaine in 21 U.S.C. § 841 and 21 U.S.C. § 960, was pending before Congress. It stated that the Department of Justice supported the passage of the Act and indicated that the district court could consider the existing sentencing disparity when sentencing Collins. In spite of its position supporting the Act, the Government nevertheless requested that the district court impose a guidelines sentence in light of the 18 U.S.C. § 3553(a) factors and Collins's extensive criminal history.

Collins also filed a sentencing memorandum, urging the district court to apply the powder-cocaine guideline to avoid any sentencing disparity,

---

[1] H.R. 1693, 117th Cong. (2021).

No. 21-51200

noting that his guidelines range would be 77 to 96 months under that more lenient guideline. At sentencing, Collins reiterated his objection to the drug quantity calculation, which the district court overruled. He also requested a sentence at the low end of the guidelines range, pledging to "do better" after he is released from prison.

In response, the district court emphasized that Collins scored in the highest criminal history category based on his lengthy criminal history, which included convictions for robbery, delivery of controlled substances, aggravated assault, theft, obstruction, and possession of cocaine. It also pointed out that Collins had numerous convictions that were not scored. The district court then announced that it was imposing a guidelines sentence based on the Sentencing Reform Act of 1984, which it considered to be advisory, and its consideration of the 18 U.S.C. § 3553(a) sentencing factors. It acknowledged that the Government supported the passage of the EQUAL Act but stated that after considering Collins's serious and extensive criminal history, which it considered to be underrepresented, a guidelines sentence was warranted on the drug charge. It construed Collins's sentencing memorandum as a motion for a downward departure and denied the motion.

It ultimately imposed a sentence of 188 months' imprisonment for the drug count and 60 months' imprisonment for the firearm count to run consecutively. It also imposed a three-year supervised release term on the drug count and a five-year supervised release term on the gun count, to run concurrently. Collins filed this appeal arguing that his 188-month sentence on the drug count was substantively unreasonable.

## II. STANDARD OF REVIEW

This court generally reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *See Gall v. United States*, 552 U.S. 38, 51 (2007). Here, Collins preserved his challenge to the

substantive reasonableness of his sentence by requesting a downward variance. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020) ("A defendant who, by advocating for a particular sentence, communicates to the trial judge his view that a longer sentence is 'greater than necessary' has thereby informed the court of the legal error at issue in an appellate challenge to the substantive reasonableness of the sentence.").

## III. DISCUSSION

On appeal, Collins contends that the 188-month within-guidelines sentence is substantively unreasonable because it overstated the seriousness of his offense, gave undue weight to his criminal history, and failed to consider the sentencing disparity between the crack-cocaine and powder-cocaine guidelines. We disagree.

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49. Then, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 49–50. The district court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2). 18 U.S.C. § 3553(a). "This court applies a rebuttable presumption of reasonableness to a properly calculated, within-guidelines sentence." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). A defendant can rebut this presumption by "showing that the sentence does not account for a factor that should receive significant weight,

it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*[2]

Here, the district court determined that, in light of the nature and circumstances of the instant offense and Collins's history and characteristics, a within-guidelines sentence was necessary to achieve the sentencing goals set forth in § 3553(a). Although the district court specifically acknowledged that the EQUAL Act was pending and that the Government had endorsed its passage, it also expressed its concern with Collins's extensive criminal history, which it found to be underrepresented given his uncharged criminal conduct.[3] *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006) (noting that the district court may consider the defendant's criminal history and unscored convictions when imposing a sentence). Collins's disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) ("A defendant's

---

[2] Although Collins contends that the presumption is not applicable here because the crack-cocaine guideline lacks an empirical basis, he concedes that this court has held that the presumption applies regardless of whether the Sentencing Guidelines have an empirical basis. *See United States v. Lara*, 23 F.4th 459, 485–86 (5th Cir. 2022); *see also United States v. Miller*, 665 F.3d 114, 119 (5th Cir. 2011) ("[T]here is a rebuttable presumption that a sentence within the applicable advisory Guidelines range is reasonable, even if the applicable Guideline is not empirically based."). Consequently, the presumption of reasonableness applies in this case.

[3] Indeed, a review of Collins's PSR reveals his dense and lengthy twenty-plus year criminal history that includes numerous unscored and scored convictions for a variety of offenses. As the district court observed upon reviewing Collins's criminal history, "Wow. So it looks to me like this goes back to 1995 when you were 18 years old. And that's pretty much what you've done, whether it's robbery or selling cocaine or aggravated assault, theft, terroristic threats, theft, obstruction, possession of cocaine, obstruction, tampering with evidence, evading, possession of marijuana, delivery of controlled substance . . . It appears to me, if I were to say, what was this guy's profession, I'd say, well, he's a criminal."

No. 21-51200

disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence."). Accordingly, Collins has not shown that the district court erred in balancing the sentencing factors, and thus, he has failed to rebut the presumption that his within-guidelines sentence is reasonable. *See Cooks*, 589 F.3d at 186. As a result, Collins has failed to demonstrate that the district court abused its discretion by imposing the 188-month sentence for the drug count. *See id.*

## IV. Conclusion

For the foregoing reasons, the district court's judgment is AFFIRMED.